*E-FILED: May 14, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE G. BANH and LEHANG PHAM,<br><br>    Plaintiffs,<br>  v.<br><br>BANK OF AMERICA, N.A., and DOES 1-100, inclusive,<br><br>    Defendants.<br>_____/ | No. C11-05744 HRL<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND; AND (2) SETTING CASE MANAGEMENT CONFERENCE**<br><br>[Re: Docket No. 7] |

## BACKGROUND

Plaintiffs Bruce Banh and Lehang Pham purchased property located at 1209 Fritzen Street in San Jose, California. They subsequently defaulted on the mortgage. Banh and Pham now sue defendant Bank of America, essentially alleging that defendant has no authority to foreclose on the property. Their complaint asserts the following nine claims for relief: (1) Violation of U.S. Constitution, Article III; (2) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962; (3) Slander/Defamation of Title and Quiet Title; (4) Slander of Title; (5) Declaratory Relief; (6) Quiet Title; (7) Fraud by Omission and Inducement; (8) Unjust Enrichment; and (9) Fraudulent Conveyance. The complaint asserts only federal question jurisdiction (28 U.S.C. § 1331) and supplemental jurisdiction (28 U.S.C. § 1367) over the state law claims.[1]

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73.

Pursuant to Fed. R. Civ. P. 12(b)(6), Bank of America moves to dismiss the complaint. Defendant also moves to strike plaintiffs' request for punitive damages and to expunge lis pendens. Plaintiffs oppose the motion. The matter was deemed submitted without oral argument. Civ. L. R. 7-1(b).

The court observes, at the outset, that plaintiffs' complaint is a confusing hodgepodge of allegations, much of which appear to have been drawn from articles, websites, and possibly court decisions, briefs, and other papers from other foreclosure cases with no apparent relation to the case at hand. As discussed below, plaintiffs will be given leave to amend their claims, but they are advised that their current allegations need more than cursory amendment.

Upon consideration of the moving and responding papers, the court grants the motion to dismiss with leave to amend as to plaintiffs' federal claims. The court declines to exercise jurisdiction over plaintiffs' state law claim unless and until plaintiffs are able to plead a viable federal claim for relief. Defendant's motion to strike is denied as moot. Defendant's motion to expunge lis pendens is denied without prejudice.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.

1  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)
2  However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at
3  1950. A claim is plausible if its factual content permits the court to draw a reasonable inference
4  that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide
5  detailed facts, but the pleading must include "more than an unadorned, the-defendant-
6  unlawfully-harmed-me accusation." Id. at 1949.

7  Documents appended to the complaint or which properly are the subject of judicial
8  notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6)
9  motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19
10 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

11 While leave to amend generally is granted liberally, the court has discretion to dismiss a
12 claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans
13 Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d
14 386, 393 (9th Cir. 1996)).

## DISCUSSION

### A. Judicial Estoppel

Defendant contends that plaintiffs are estopped from pursuing any of the claims asserted in this lawsuit because plaintiffs failed to disclose them in their respective bankruptcy cases. Both bankruptcy actions have been dismissed, and plaintiffs acknowledge that the cases were dismissed as "inadequately prosecuted." (Opp. at 4).

Bank of America requests that the court take judicial notice of certain records from plaintiffs' bankruptcy actions, i.e., Pham's and Banh's bankruptcy schedules, as well as an order dismissing Pham's case. (Defendant's Request for Judicial Notice (RJN), Dkt. No. 8, Exs. 5-7).[2] Plaintiffs do not challenge the authenticity of those court records. Instead, they object to judicial notice of those records on the grounds that the matters asserted in those documents are hearsay and contain facts subject to dispute. Defendant's request for judicial

---

[2] Because the court finds it unnecessary to consider other documents submitted by defendant for judicial notice, Bank of America's request for judicial notice of those other materials is denied.

3

1 notice is granted because the documents are public records "capable of accurate and ready
2 determination by resort to sources whose accuracy cannot be reasonably questioned." FED. R.
3 EVID. 201(b)(2). Although plaintiffs point out that a court may not take notice of disputed facts,
4 they do not demonstrate why the court should deny the request here.

5     In any event, plaintiffs do not deny the essential facts necessary to resolve the instant
6 motion, i.e., that they both failed to identify their claims against Bank of America in their
7 respective bankruptcy actions. They argue only that judicial estoppel does not apply because
8 they were representing themselves in those matters and the bankruptcy court did not issue a
9 final judgment in either case. The fact that Banh and Pham proceeded pro se in their
10 bankruptcy matters does not, by itself, insulate them from application of the doctrine. And, the
11 application of judicial estoppel does not turn on the issuance of a final judgment.

12     "Judicial estoppel is an equitable doctrine that precludes a party from gaining an
13 advantage by taking one position, and then later seeking an advantage by taking a clearly
14 inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.
15 2001). The doctrine "differs from collateral estoppel, res judicata, and equitable estoppel
16 insofar as 'judicial estoppel focuses exclusively on preventing the use of inconsistent assertions
17 that would result in an 'affront to judicial dignity' and 'a means of obtaining unfair advantage.'"
18 Perez v. Wells Fargo Bank, N.A., No. C11-02279JCS, 2011 WL 3809808 *11 (N.D. Cal., Aug.
19 29, 2011) (quoting Rockwell Int'l Corp. v. Hanford Atomic Metal Trades Council, 851 F.2d
20 1208, 1210 (9th Cir.1988)). In determining whether the doctrine applies, courts may consider
21 the following non-exclusive factors: (1) whether a party's position in a later proceeding is
22 "clearly inconsistent" with its earlier position; (2) whether a party achieved success in the prior
23 proceeding in persuading the court to accept or rely on the party's earlier position such that
24 allowing the party to take a different position creates a risk of inconsistent court determinations;
25 and (3) whether the party asserting the inconsistent position would achieve an unfair advantage
26 if not estopped. Hamilton, 270 F.3d at 782-83.

27     "In the bankruptcy context, a party is judicially estopped from asserting a cause of
28 action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or

4

1 disclosure statements." Id. at 783. Thus, "[j]udicial estoppel will be imposed when the debtor
2 has knowledge of enough facts to know that a potential cause of action exists during the
3 pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to
4 identify the cause of action as a contingent asset." Id. at 784.

5 Here, the record presented indicates that Pham filed for bankruptcy in April 2011 and
6 that the action was dismissed in July 2011 because Pham failed to make plan payments. (RJN,
7 Ex. 7). Banh filed for bankruptcy about two years earlier in December 2009. It is not clear
8 precisely when or why Banh's case was dismissed.[3] But, as discussed above, plaintiffs
9 acknowledge that their respective bankruptcy cases were dismissed as "inadequately
10 prosecuted." (Opp. at 4). The instant action was filed on November 30, 2011.

11 As discussed above, the thrust of the instant lawsuit is plaintiffs' contention that Bank of
12 America lacks authority to foreclose on their home. On the record presented, the court cannot
13 determine whether plaintiffs had knowledge of material facts underlying their claims against
14 defendant during the pendency of their bankruptcy cases. Accordingly, defendant's motion re
15 the judicial estoppel issue is denied. This ruling is, however, without prejudice to defendant to
16 renew the argument on a subsequent motion to dismiss or summary judgment.

17 B.     Claim 1:   Violation of U.S. Constitution, Article III

18 Although styled as a claim for alleged violation of the U.S. Constitution Article III, this
19 claim appears to be one challenging defendant's authority to foreclose on the subject property.
20 As such, it appears that plaintiffs are confusing Article III's standing requirements that must be
21 met by every plaintiff who invokes a federal court's jurisdiction[4] with defendant's purported
22 authority to foreclose. Plaintiffs have cited nothing indicating that such a claim arises under

---

[3] Defendant apparently intended to submit a copy of the bankruptcy court's dismissal order for judicial notice. However, there is no such document among defendant's papers.

[4] Under Article III of the United States Constitution, federal courts have jurisdiction to decide only actual cases or controversies, and persons have standing to sue if (1) they have suffered an "injury-in-fact" that is both "actual and imminent" and "concrete and particularized"; (2) the injury is "fairly traceable" to the defendant's conduct; and (3) a favorable decision by the court will likely redress the alleged injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992).

5

1 federal law or that Article III is the proper vehicle for raising any such claim. This claim is
2 dismissed without leave to amend.

3 C.    Claim 2: RICO, 18 U.S.C. § 1962(c)

4 The RICO (Racketeer Influenced and Corrupt Organizations) Act makes it illegal for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity" or to conspire to do so. 18 U.S.C. §§ 1692(c), (d). Thus, to state a claim for a violation of this section, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). "Racketeering activity" is defined as a number of specific criminal acts under federal and state laws. See 18 U.S.C. § 1961(1). Inasmuch as plaintiffs' RICO claim appears to be based on the predicate crimes of mail and wire fraud (see, e.g., Complaint ¶ 68), those predicate crimes must be pled with particularity. FED. R. CIV. P. 9(b); Odom v. Microsoft Corp., 486 F.3d 541, 553-54 (9th Cir. 2006).

Here, the complaint does not adequately plead the existence of an enterprise, the nature of the alleged enterprise, defendant's purported role in the enterprise, or a pattern of racketeering activity. With respect to a RICO enterprise, the complaint simply alleges that "[b]y engaging in a pattern of racketeering activity, specifically 'mail or wire fraud,' the Defendants subject to this Count participated in a criminal enterprise affecting interstate commerce." (Complaint ¶ 63). Nor does the complaint specifically allege the predicate acts that form the basis of the pattern of racketeering activity. Rather than plead specific facts about plaintiffs' loan, the complaint presents a generalized grievance about mortgage securitization and the mortgage industry; and, plaintiffs make highly generalized and conclusory assertions that defendant allegedly defrauded them (and other borrowers) by pursuing foreclosure without the authority to do so.

This is not sufficient to state a plausible claim for relief. Accordingly, this claim is dismissed. Although the court remains skeptical whether they can allege a civil RICO claim

6

against defendant arising out of the foreclosure of their property, plaintiffs will be given leave to amend if, consistent with Fed. R. Civ. P. 11, they believe that they truthfully can state a plausible claim for relief. Additionally, as discussed above, if they seek to allege a claim based on fraud, plaintiffs must plead the claim with specificity as required by Fed. R. Civ. P. 9(b).

D. <u>Plaintiffs' State Law Claims</u>

Plaintiffs' federal claims having been dismissed, the court declines to exercise supplemental jurisdiction over their state law claims unless and until they plead a viable federal claim for relief. 28 U.S.C. § 1367(c). Accordingly, these claims are dismissed without prejudice.

E. <u>Defendant's Motion to Strike and Motion to Expunge Lis Pendens</u>

Plaintiffs' complaint having been dismissed, defendant's motion to strike portions of plaintiffs' complaint is denied as moot.

Because plaintiffs are being given leave to amend, defendant's motion to expunge lis pendens is denied without prejudice.

ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' federal claims are dismissed. Claim 1 for alleged violation of U.S. Constitution Article III is dismissed without leave to amend. Claim 2 for alleged RICO violations is dismissed with leave to amend.

2. If plaintiffs' choose to amend their pleading, their amended complaint shall be filed within 14 days from the date of this order.[5]

3. Plaintiffs' state law claims are dismissed without prejudice.

4. Defendant's motion to strike is denied as moot.

5. Defendant's motion to expunge lis pendens is denied without prejudice.

---

[5] Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above. To the extent plaintiffs intend to assert new or different claims for relief or add new parties, they must make an appropriate application pursuant to Fed. R. Civ. P. 15.

7

6. The initial case management conference is re-set for **August 14, 2012, 1:30 p.m.** All related deadlines are adjusted accordingly.

SO ORDERED.

Dated: May 14, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:11-cv-05744-HRL Notice has been electronically mailed to:

Justin Donald Balser    justin.balser@akerman.com, courtney.linney@akerman.com, debby.esler@akerman.com, elizabeth.streible@akerman.com, holly.watson@akerman.com, kristine.elliott@akerman.com, molly.ballard@akerman.com, stephanie.jefferson@akerman.com, toni.domres@akerman.com, tracie.jenkins@akerman.com, victoria.edwards@akerman.com

Michael James Yesk    yesklaw@gmail.com, j_su86@yahoo.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.