*E-FILED: August 1, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE G. BANH and LEHANG PHAM,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., and DOES 1-100, inclusive,<br><br>    Defendants. | No. C11-05744 HRL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT**<br><br>**ORDER TO SHOW CAUSE RE SANCTIONS**<br><br>[Re:  Docket Nos. 22, 24] |

## BACKGROUND

Plaintiffs Bruce Banh and Lehang Pham purchased property located at 1209 Fritzen Street in San Jose, California. They subsequently defaulted on the mortgage. Banh and Pham now sue Bank of America (the original lender), essentially alleging that it has no authority to foreclose on the property. Their original complaint asserted federal question jurisdiction under 28 U.S.C. § 1331 and contained the following federal and state law claims for relief: (1) Violation of U.S. Constitution, Article III; (2) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962; (3) Slander/Defamation of Title and Quiet Title; (4) Slander of Title; (5) Declaratory Relief; (6) Quiet Title; (7) Fraud by Omission and Inducement; (8) Unjust Enrichment; and (9) Fraudulent Conveyance.[1]

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73.

Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The court denied the motion on the judicial estoppel issue, without prejudice to defendant to renew the matter on a subsequent motion to dismiss or on summary judgment. The claim for alleged violation of U.S. Constitution Article III, however, was dismissed without leave to amend. The RICO claim was dismissed with leave to amend—albeit, plaintiffs were cautioned that they should amend only if, consistent with Fed. R. Civ. P. 11, they believed that they truthfully could state a plausible claim for relief. The bases for federal jurisdiction having been dismissed, the court declined to exercise supplemental jurisdiction over the state law claims unless and until plaintiffs pled a viable federal claim for relief. Accordingly, the state law claims were dismissed without prejudice. Plaintiffs were given 14 days leave to amend. (See Dkt. No. 19). And, the court's order specifically stated, "Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above. To the extent plaintiffs intend to assert new or different claims for relief or add new parties, they must make an appropriate application pursuant to Fed. R. Civ. P. 15." (Id. at 7 n.5).

Plaintiffs' First Amended Complaint (FAC) was not filed until two weeks after the court-ordered deadline passed. At no time prior to that belated filing did plaintiffs request an extension of time. Nor have they offered any explanation for the delay. The FAC drops all federal claims for relief, as well as several of the previously asserted state law claims. The amended pleading now asserts diversity jurisdiction under 28 U.S.C. § 1332. The claim for slander of title remains. The FAC also contains new claims for alleged wrongful foreclosure and violation of California Business & Professions Code § 17200. All other state law claims have been dropped.

Pursuant to Fed. R. Civ. P. 12(f), Bank of America now moves to strike the FAC in its entirety and requests that the court dismiss this action with prejudice. Plaintiffs did not file any opposition papers, and the deadline for filing a response to defendant's motion has passed. Having considered the moving papers, this court rules as follows:

On its own, or on a motion made by a party, the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R.

2

1  CIV. P. 12(f). Here, Bank of America essentially argues that the FAC should be stricken for
2  plaintiffs' failure to comply with this court's prior order. Specifically, defendant says that
3  plaintiffs violated that order by (1) failing to assert a federal claim for relief in the FAC;
4  (2) filing the FAC well past the court-ordered deadline; and (3) introducing new claims for
5  relief without first making an application under Fed. R. Civ. P. 15.

6  With respect to defendant's first argument, nothing in this court's prior order required
7  plaintiffs to plead a federal claim for relief. Indeed, plaintiffs were advised that their RICO
8  claim should be resurrected only if they believed they could do so without running afoul of Fed.
9  R. Civ. P. 11. Plaintiffs apparently believe that they cannot maintain a plausible claim for
10 relief, and the court finds no fault with their decision to drop it. Bank of America points out
11 that the court previously declined to entertain plaintiff's state law claims unless a viable federal
12 claim was pled. True. But that does not lend support to defendant's conclusion that the court
13 should now refuse to consider the FAC's state law claims and dismiss them outright. The
14 original complaint asserted only federal question jurisdiction. All of the federal claims
15 subsequently were dismissed, and the court had discretion whether to exercise supplemental
16 jurisdiction over the state claims. 28 U.S.C. § 1367(c). The FAC now asserts diversity
17 jurisdiction, leaving this court with no such discretion. Defendant's suggestion that this court
18 can or should refuse to entertain the FAC's state law claims is particularly disingenuous
19 because Bank of America does not dispute that diversity jurisdiction exists. It simply contends
20 that the court should exercise its jurisdiction to dismiss all of plaintiffs' claims.

21 The problem for Bank of America is that it has not convincingly demonstrated that
22 plaintiffs' procedural missteps justify outright dismissal with prejudice. Nor has defendant
23 sufficiently explained why the FAC's allegations are substantively inadequate to support
24 plausible claims for relief. Defendant has not filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss
25 the FAC. All it has done is argue, in highly conclusory fashion, that the FAC's claims should
26 be dismissed as futile because they are "predicated on plaintiffs' debunked securitization
27 argument." (Mot. at 2). This court, however, made no rulings as to plaintiffs' "securitization
28 argument," except to conclude that the original complaint's generalized grievances about

3

1 securitization and the mortgage industry were insufficient to support the then-asserted RICO
2 claim. (Dkt. No. 19 at 6). Without commenting on the viability (or not) of the FAC's
3 allegations, this court observes that the FAC now appears to allege that foreclosure of plaintiffs'
4 home would be wrongful for reasons particular to their loan. If there is something deficient
5 with plaintiffs' allegations, on the record presented, defendant has not provided this court with
6 an adequate basis to draw that conclusion.

7 Defendant correctly notes, however, that the FAC alleges new claims for relief; and,
8 plaintiffs did not, as directed by this court, first seek leave under Fed. R. Civ. P. 15 to add them.
9 Moreover, the FAC was unquestionably—and inexplicably—late. The court is disturbed by
10 plaintiffs' apparently cavalier disregard of this court's order. And, after filing their belated
11 FAC, plaintiffs apparently have done nothing to prosecute this matter or to defend against
12 defendant's motion to strike.

13 Defendant's motion to strike is denied. Nevertheless, the noticed August 7, 2012
14 hearing on defendant's motion to strike will be converted to a show cause hearing. Plaintiffs'
15 counsel, Michael Yesk, shall appear in person before this court on **August 7, 2012, 10:00 a.m.**
16 and show cause why plaintiffs should not be sanctioned for failure to comply with the court's
17 order.[2] Yesk is advised that the failure to appear and show cause will itself be deemed grounds
18 for sanctions.

19 SO ORDERED.
20 Dated: August 1, 2012

22 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant is not required to appear at the show cause hearing. However, if it chooses to do so, defense counsel's request for telephonic appearance is granted. Defendant shall initiate the call to the court via CourtCall, 866-582-6878.

4

1  5:11-cv-05744-HRL Notice has been electronically mailed to:

2  Justin Donald Balser     justin.balser@akerman.com, courtney.linney@akerman.com, elizabeth.streible@akerman.com, holly.watson@akerman.com, kristine.elliott@akerman.com, molly.ballard@akerman.com, stephanie.jefferson@akerman.com, toni.domres@akerman.com, tracie.jenkins@akerman.com, victoria.edwards@akerman.com

Michael James Yesk     yesklaw@gmail.com, brucebanh@yahoo.com, jbcliff@gmail.com, saveyourhouse70@gmail.com